■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. KAREN M. KALIKOW, on Behalf of CARLOS ROSARIO, Appellant, v CHARLES J. SCULLY, Respondent. [603 NYS2d 520] —In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Benson, J.), dated December 2, 1991, which, after a hearing, dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner became a paraplegic when he was shot by the police during the course of one of the robberies for which he is presently incarcerated. He commenced this habeas corpus proceeding to obtain his immediate release from prison, on the ground that the inadequate medical care he received while incarcerated constituted cruel and unusual punishment in violation of the Federal and State Constitutions.

The petitioner does not allege that imprisonment itself constitutes cruel and unusual punishment because he is a paraplegic. Rather, he claims that the conditions of his imprisonment (i.e., the lack of adequate medical care) require his immediate release. His allegations, however, do not show that prison officials have been deliberately indifferent to his medical needs. Thus, he is not entitled to immediate release from custody (see, People ex rel. Hall v LeFevre, 60 NY2d 579).

While, in some special circumstances, habeas corpus is available to challenge the conditions of confinement, even where immediate discharge is not the appropriate relief *(see, People ex rel. Brown v Johnston,* 9 NY2d 482), this case does not present the appropriate facts to warrant habeas corpus relief, since the petitioner was afforded relief by the consent decree issued in *Milburn v Coughlin* (79 Civ 5077 [SD NY, Sept. 27, 1991]) which requires prison officials to provide adequate medical care to inmates at the facility where the petitioner is incarcerated. Thompson, J. P., Miller, Lawrence and Copertino, JJ., concur.