(July 28, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL DIAZ, Appellant. [615 NYS2d 6] —Judgment of the Supreme Court, Bronx County (Antonio Brandveen, J.), rendered August 15, 1990, convicting defendant, after trial by jury, of murder in the second degree (two counts), robbery in the first degree (two counts), robbery in the second degree (four counts), burglary in the first degree (three counts), burglary in the second degree, and conspiracy in the fourth degree, and sentencing him to concurrent terms of 25 years to life on the murder counts to be served consecutively to terms of 8⅓ to 25 years and 5 to 15 years for first and second degree robbery and concurrent terms of 8⅓ to 25 years on the remaining first degree robbery conviction, 5 to 15 years on the

remaining three second degree robbery convictions, 8⅓ to 25 years on the three first degree burglary convictions, 5 to 15 years on the second degree burglary conviction, and 1⅓ to 4 years on the fourth degree conspiracy conviction, is unanimously affirmed.

There was probable cause to arrest defendant based on the statements of his mother's common-law husband, a citizen-informer who went voluntarily to the police and revealed that defendant had confessed his involvement in the crime to him *(see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410). Since defendant was 17 years old at the time of his arrest, he was not a juvenile and it was not necessary for the police to notify his family pursuant to CPL 140.20 (6) (CPL 1.20 [42]; *People v Crosby,* 105 AD2d 844).

The trial court did not abuse its discretion in admitting into evidence three photographs of the murder scene after determining that their probative value outweighed any prejudice to defendant *(People v Pobliner,* 32 NY2d 356, 369-370, *cert denied* 416 US 905; *People v Bell,* 63 NY2d 796).

Defendant's claim that reversible error occurred when prospective jurors were questioned in his absence is without merit. To the extent the questioning involved general juror qualifications, *People v Antommarchi* (80 NY2d 247), decided on statutory grounds (CPL 260.20), expressly was given prospective effect only to cases in which jury selection occurred after October 27, 1992 *(People v Mitchell,* 80 NY2d 519, 529). To the extent that some of the questioning was case specific, *People v Sloan* (79 NY2d 386), decided April 7, 1992, has also been held to have prospective application only *(People v Sprowal,* 84 NY2d 113). The jury selection, in this case, occurred prior to these dates. Concur—Murphy, P. J., Sullivan, Kupferman and Asch, JJ.