■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MURO, Appellant. [618 NYS2d 229] —Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Nassau County (Harrington, J.), imposed October 28, 1993.

Ordered that the sentence is affirmed.

The defendant knowingly and voluntarily waived his right to appeal both his plea and his sentence as an integral part of an extremely advantageous plea agreement. Accordingly, the sentence is affirmed (see, People v Allen, 82 NY2d 761; People v Callahan, 80 NY2d 273; People v Moissett, 76 NY2d 909; People v Seaberg, 74 NY2d 1).

In any event, there is no merit to the defendant's contention that his sentence is cruel and unusual because he was in poor health at the time of the plea agreement (see, People v Thompson, 83 NY2d 477) and because he had entered into a stipulation of settlement that he considered disadvantageous in a Federal civil forfeiture proceeding. We note that the County Court gave the defendant the opportunity to withdraw his guilty plea before imposing sentence, but the defendant rejected the offer. Moreover, the sentence that was imposed is the one for which the defendant had bargained (see, People v Kazepis, 101 AD2d 816). The defendant does not contend that he has been denied adequate medical care in prison or that "prison officials have been deliberately indifferent to his medical needs" (People ex rel. Kalikow v Scully, 198 AD2d 250). Mangano, P. J., Bracken, Lawrence, Altman and Friedmann, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MURRAY, Appellant. [618 NYS2d 229] —Application by the appellant for a writ of error coram nobis to vacate a decision and order of this Court dated May 26, 1987 (People v Murray, 130 AD2d 773), affirming two judgments of the Supreme Court, Queens County, both rendered May 19, 1978, on the ground of ineffective assistance of appellate counsel.

Ordered that the application is denied.

The defendant has failed to establish that he was denied the effective assistance of appellate counsel (see, Jones v Barnes, 463 US 745). Mangano, P. J., Thompson, Bracken and Lawrence, JJ., concur.