■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL BURGOS, Appellant. [687 NYS2d 83] —Judgment, Supreme Court, Bronx County (Robert Cohen, J.), rendered March 1, 1996, convicting defendant, after a jury trial, of murder in the second degree, attempted murder in the second degree, criminal possession of a weapon in the second degree and reckless endangerment in the first degree, and sentencing him to concurrent terms of 20 years to life on the murder conviction, 5 to 15 years on the attempted murder conviction, 5 to 15 years on the weapon possession conviction, and 2¹/₃ to 7 years on the reckless endangerment conviction, unanimously affirmed.

Defendant's motion to suppress statements was properly denied. The People met their burden of proving beyond a reasonable doubt that the statements were knowingly, intelligently and voluntarily made (*see, People v Anderson*, 42 NY2d 35; *People v Roberson*, 249 AD2d 148, *lv denied* 92 NY2d 904). We see no reason to disturb the hearing court's credibility determinations, which are supported by the record (*People v Prochilo*, 41 NY2d 759, 761). The police were not required to contact the attorney representing defendant on a pending unrelated matter (*People v Steward*, 88 NY2d 496, 502). Defendant was not in custody on the case in which he was represented (*see, People v Burdo*, 91 NY2d 146) and he was never

questioned about that case (*see, People v Cohen*, 90 NY2d 632, 637-642). Since defendant was 18 years old at the time of his arrest, he was not a juvenile and it was not necessary for the police to notify his mother (*People v Diaz*, 206 AD2d 314, 315).

The record establishes that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708). Defendant's argument on appeal regarding possible arguments that defense counsel could have made on summation merely amounts to a second-guessing of counsel's trial strategy and does not establish ineffectiveness (*supra*).

We perceive no abuse of discretion in sentencing.

Defendant's other arguments are without merit. Concur— Nardelli, J. P., Wallach, Lerner and Rubin, JJ.