■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANDREW SANDSON, Appellant, v GEORGE DUNCAN, as Superintendent of Great Meadow Correctional Facility, Respondent. [761 NYS2d 379] —Appeal from a judgment of the Supreme Court (Berke, J.), entered September 25, 2002 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner is currently serving a sentence of imprisonment and will not be eligible for parole until March 2005. He filed this application in June 2002, seeking his immediate release from prison on the ground that in the course of his incarceration, he has been denied medication that he deems necessary to treat his hepatitis C. He contends that this denial constitutes cruel and unusual punishment in violation of the 8th Amendment of the US Constitution and NY Constitution, article I, § 5. Supreme Court dismissed the petition and petitioner appeals.

An application for habeas corpus relief is not the proper procedural vehicle for petitioner under the circumstances presented here (*see People ex rel. Lane v Infante*, 143 AD2d 483 [1988]). Habeas corpus will be granted only in cases where suc-

cess would entitle the petitioner to immediate release (*see People ex rel. Quartararo v Demskie*, 238 AD2d 792, 793 [1997], *lv denied* 90 NY2d 802 [1997]). While success on the instant motion might entitle petitioner to the medication he seeks, it would not excuse him from serving the remainder of his sentence. The appropriate procedural remedy would have been the filing of a CPLR article 78 proceeding seeking review of respondent's determination denying petitioner's request for medication (*see e.g. Matter of Allah v White*, 243 AD2d 913 [1997]). An article 78 proceeding would, however, be unavailing in this matter as it would be both untimely (*see* CPLR 217 [1]) and unproductive given the lack of substantive merit to petitioner's arguments.

To succeed on his claim of cruel and unusual punishment, petitioner must show that the denial of certain medications to treat his hepatitis C demonstrates a "deliberate indifference to [his] serious medical needs" (*Matter of Singh v Eagen*, 236 AD2d 654, 655 [1997]). Petitioner has failed to make this showing. Instead, the record discloses that his medical condition has been continuously assessed and monitored by health care professionals at the correctional facilities where he has been incarcerated. The specific treatment that petitioner demands has been withheld, not out of indifference to his illness, but because of his failure to meet certain reasonable prerequisites prior to commencement of the treatment, including that of demonstrating his continuing abstinence from substance abuse by successfully completing a substance abuse treatment program. Not only has petitioner failed to complete such a program, but it appears that he has continued to abuse controlled substances during his incarceration, as evidenced by administrative determinations finding him guilty of violating the prison disciplinary rules prohibiting the unauthorized possession and use of controlled substances. Accordingly, Supreme Court's judgment dismissing petitioner's application will not be disturbed.

Crew III, J.P., Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.