■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN BARNES, Appellant, v MICHAEL J. ALLARD, as Superintendent of Franklin Correctional Facility, Respondent. [807 NYS2d 688]—

Carpinello, J. Appeal from an order of the Supreme Court (Feldstein, J.), entered October 4, 2004 in Franklin County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Following his plea of guilty to robbery in the first degree,

petitioner was sentenced to a prison term of 5 to 10 years. Petitioner commenced this CPLR article 70 proceeding for a writ of habeas corpus alleging that, for various reasons, his detainment was illegal. Supreme Court denied the application and this appeal ensued. We now affirm.

Inasmuch as petitioner seeks to challenge the validity of his plea agreement and such issue could have been raised either through a direct appeal from the judgment of conviction or by a CPL article 440 motion, habeas corpus relief is not appropriate (*see People ex rel. Martinez v West*, 20 AD3d 842, 842 [2005], *lv denied* 5 NY3d 716 [2005]; *People ex rel. Warren v Artus*, 17 AD3d 896, 896-897 [2005], *lv denied* 5 NY3d 705 [2005]). As for petitioner's complaint regarding the correctional facility's alleged deliberate indifference to his medical needs, even if such a claim had merit, it would not entitle him to immediate release, thus making habeas corpus relief unavailable (*see People ex rel. Sandson v Duncan*, 306 AD2d 716, 716-717 [2003], *lv denied* 1 NY3d 501 [2003]). With respect to the correctional facility's purported improper withholding of petitioner's good time allowance, habeas corpus relief is not warranted "because the determination to withhold good time did not render petitioner's continued confinement pursuant to his original sentence unlawful" (*Matter of Doolen v Goord*, 277 AD2d 624, 624-625 [2000]). Each of petitioner's remaining contentions, including his claims that he was wrongfully denied executive clemency and that Supreme Court erred by not converting the instant proceeding to a CPLR article 78 proceeding, have been reviewed and found to be without merit.

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.