People ex rel. Grossfeld v Brann (2020 NY Slip Op 02273)





People v Brann


2020 NY Slip Op 02273


Decided on April 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2020-02919

[*1]The People of the State of New York, ex rel. Eric Grossfeld, on behalf of Frantz Petion, petitioner,
v
Cynthia Brann, etc., respondent.


James Kousouros, New York, NY (Eric Grossfeld pro se of counsel), for petitioner.
Melinda Katz, District Attorney, Kew Gardens, NY (Roni C. Piplani, Johnnette Traill, and Nancy F. Talcott of counsel), for respondent.



DECISION & JUDGMENT
Writ of habeas corpus in the nature of an application to release Frantz Petion on his own recognizance or for bail reduction upon Queens County Indictment No. 805/18.
ADJUDGED that the writ is dismissed, without costs or disbursements.
The petitioner contends that Frantz Petion's detention is illegal because he is being detained with a deliberate indifference to unsafe conditions and to his medical needs (see CPLR 7002[a]; Darnell v Pineiro , 849 F3d 17, 29; see also Estelle v Gamble , 429 US 97, 104). This type of claim raises questions of fact that are more appropriately considered in the first instance by the Supreme Court, which can hold evidentiary hearings (see CPLR 7002[b]; 7009[c]; People ex rel. Robertson v New York State Div. of Parole , 67 NY2d 197, 202-203), and render a determination which may be reviewed by this Court upon a complete record.
While the petitioner previously commenced a proceeding seeking a writ of habeas corpus in the Supreme Court, it is unclear whether the District Attorney was given proper notice of that proceeding. The record reflects that the District Attorney did not appear on the return date and did not submit opposition papers. Further, the Supreme Court summarily dismissed the writ without addressing any of the factual assertions advanced by the petitioner. Should the petitioner, if he be so advised, properly commence a successive proceeding in the Supreme Court (see CPLR 7003[b]), the Supreme Court should render a decision containing its findings of fact and conclusions of law sufficient to permit meaningful appellate review.
Accordingly, we dismiss the writ.
SCHEINKMAN, P.J., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court