People ex rel. Ferro v Brann (2020 NY Slip Op 02803)





People v Brann


2020 NY Slip Op 02803


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2020-03426

[*1]The People of the State of New York, ex rel. Shane Ferro, on behalf of Mohamed Pasha, appellant,
v
Cynthia Brann, etc., respondent. (S.C.I. No. 1818/19)


Queens Defenders, Forest Hills, NY (Steven Sternberg and Shane Ferro, pro se, of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Nancy Fitzpatrick Talcott of counsel), for respondent.



DECISION & ORDER
In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Queens County (John B. Latella, J.), dated April 22, 2020. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed, without costs or disbursements.
While serving a sentence of imprisonment, Mohamed Pasha contracted the COVID-19 virus. The petitioner subsequently commenced this proceeding in the Supreme Court for a writ of habeas corpus, seeking to release Pasha from custody. The court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
The petitioner has failed to demonstrate that Pasha's imprisonment is illegal (see CPLR 7002[a]; 7010[a]; People ex rel. DeLia v Munsey, 26 NY3d 124, 127-128). Contrary to the petitioner's contention, the petitioner has not demonstrated that prison officials have been deliberately indifferent to Pasha's medical needs or that Pasha is entitled to immediate release from custody as a remedy for any failure to address his medical needs (see People ex rel. Sandson v Duncan, 306 AD2d 716, 717; People ex rel. Kalikow v Scully, 198 AD2d 250; see also Farmer v Brennan, 511 US 825, 837-838; Estelle v Gamble, 429 US 97, 104-106)
Accordingly, we agree with the Supreme Court's determination to deny the petition and, in effect, dismiss the proceeding.
SCHEINKMAN, P.J., CHAMBERS, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court