People ex rel. Wadia v George R. Vierno Ctr. (2020 NY Slip Op 03798)





People ex rel. Wadia v George R. Vierno Ctr.


2020 NY Slip Op 03798


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2020-04279
 (Index No. 4431/17)

[*1]The People of the State of New York, ex rel. Darius Wadia, on behalf of Irian Combris, appellant, 
v
George R. Vierno Center, etc., respondent.


Brooklyn Defender Services, Brooklyn, NY (Darius Wadia pro se of counsel), for petitioner.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Seth M. Lieberman, Jodi L. Mandel, and Cassandra Pond of counsel), for respondent.



DECISION & ORDER
In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), dated March 27, 2020. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed, without costs or disbursements.
The petitioner commenced this proceeding for a writ of habeas corpus challenging the detention of Irian Combris, alleging that the bail was excessive, and requesting that Combris be released from prison due to the COVID-19 pandemic. In a judgment dated March 27, 2020, the Supreme Court denied the petition and, in effect, dismissed the proceeding. This appeal ensued.
Initially, we note that the People contend that circumstances have rendered this appeal academic. Contrary to the People's contention, there has been no change in circumstances rendering this appeal academic (see e.g. People v Overton, 86 AD3d 4, 17).
Nonetheless, we agree with the Supreme Court's determination denying the petition and, in effect, dismissing the proceeding. The record supports the bail court's determination, based upon the factors enumerated in CPL 510.30(1), that the bail set is the least restrictive kind and degree of control or restriction that is necessary to secure Combris' return to court (see CPL 510.30[1]; People ex rel. Gerson v Schriro, 105 AD3d 660, 661; People ex rel. Kuby v Merritt, 96 AD3d 607, 609).
Furthermore, the Supreme Court did not err in denying the petition based on the COVID-19 pandemic since Combris is 27 years old, has no underlying medical conditions, and has shown no symptoms of COVID-19 (see People ex rel. Mulry v Franchi, 183 AD3d 790; People ex rel. Ferro v Brann, 183 AD3d 758).
Accordingly, we agree with the Supreme Court's determination to deny the petition and, in effect, dismiss the proceeding.
CHAMBERS, J.P., ROMAN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court