People ex rel. Tse v Barometre (2020 NY Slip Op 06280)





People ex rel. Tse v Barometre


2020 NY Slip Op 06280


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2020-04564
 (Index No. 2364/20)

[*1]The People of the State of New York, ex rel. Tomoeh Murakami Tse, on behalf of Dave Alicea, et al., appellant, 
v
Delta Barometre, etc., et al., respondents.


Janet E. Sabel, New York, NY (Antonio Villaamil, Hanna Gladstein, Dana Wolfe, and Tomoeh Murakami Tse, pro se, of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Blair J. Greenwald of counsel), for respondents.
Cynthia Grant Bowman, Ithaca, NY, amicus curiae pro se, and for amici curiae the Advancement Project, the American Civil Liberties Union, the Black Movement Law Project, the Center on Race, Inequality, and the Law at NYU School of Law, the Center on Race, Law, and Justice at Fordham Law School, the Columbia Law School Center for Institutional and Social Change, the CUNY School of Law Criminal Defense Clinic, the New York Civil Liberties Union, Parole Preparation Project, Claudia Angelos, Sandra Babcock, Anita Bernstein, Celia Bigoness, Beryl Blaustone, John H. Blume, Craig M. Boise, Michael Boucai, Rebecca Bratspies, Elizabeth Brundige, Bennett Capers, Rosa Castello, Nina Chernoff, Luis E. Chiesa, Natalie M. Chin, J. Stephen Clark, Angela B. Cornell, Lisa Davis, Gráinne de Búrca, Michael C. Dorf, Cynthia Godsoe, Rachel T. Goldberg, Julie Goldscheid, Victor M. Goode, Bruce A. Green, Bernard E. Harcourt, Susan N. Herman, Randy Hertz, Esther Hong, Babe Howell, Sheri Lynn Johnson, Sital Kalantry, Jaclyn Kelley-Widmer, Jeffrey L. Kirchmeier, Sylvia A. Law, Donna Lee, Howard Leib, Odette Lienau, Stephen Loffredo, Beth Lyon, Kevin Maillard, Matthew Main, Michael W. Martin, Andrea McArdle, Estelle M. McKee, Michael B. Mushlin, Anthony O'Rourke, Talia Peleg, Aziz Rana, Martha Rayner, Allie Robbins, Sarah Rogerson, Joseph Rosenberg, Elizabeth M. Schneider, Michael Schwartz, Steven H. Shiffrin, Charisa Kiyô Smith, Eleanor Stein, Anthony C. Thompson, C. Cora True-Frost, Laura S. Underkuffler, Daniel A. Warshawsky, Keir M. Weyble, Michelle Fongyee Whelan, Xingzhong Yu, and Steven Zeidman.



DECISION & ORDER
In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Orange County (Catherine M. Bartlett, J.), dated May 13, 2020. The judgment refused to issue an order to show cause pursuant to CPLR 7003(a).
ORDERED that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for further proceedings in accordance herewith.
The petitioner, on behalf of a group of inmates incarcerated in the Otisville Correctional Facility (hereinafter Otisville), submitted a verified petition for a writ of habeas corpus in support of an application for an order to show cause why the inmates should not be released. The Supreme Court rendered a judgment refusing to issue the order to show cause (see CPLR 7003). The petitioner appeals from the judgment (see CPLR 7011; People ex rel. Nonhuman Rights Project, Inc. v Lavery, 124 AD3d 148, 149 n 1; People ex rel. Gonzalez v New York State Div. of Parole, 255 AD2d 611).
"A person illegally imprisoned or otherwise restrained in his [or her] liberty within the state, or one acting on his [or her] behalf . . . , may petition without notice for a writ of habeas corpus to inquire into the cause of such detention and for deliverance" (CPLR 7002[a]). Habeas corpus relief only lies where the petitioner would be entitled to immediate release from confinement (see People ex rel. Douglas v Vincent, 50 NY2d 901, 903; People ex rel. Lifrieri v Lee, 116 AD3d 720).
Here, the petition alleged that the inmates were being unlawfully imprisoned in violation of the Eighth Amendment of the United States Constitution because, in light of certain physical conditions and attributes specific to them as well as unalterable conditions of incarceration at Otisville, there were no measures that could be taken to protect them from the grave risk of death or serious illness posed by the COVID-19 virus while they were incarcerated in that facility. Thus, the petitioner alleged, the only remedy to cure the illegality of the inmates' detention would be their immediate release. Contrary to the respondents' contention and the conclusion of the Supreme Court, these allegations are properly cognizable in habeas corpus (see People ex rel. Robertson v New York State Div. of Parole, 67 NY2d 197, 201-203; People ex rel. Hall v LeFevre, 60 NY2d 579, 580; see also People ex rel. Grossfeld v Brann, 182 AD3d 556; cf. People ex rel. Ferro v Brann, 183 AD3d 758; People ex rel. Sandson v Duncan, 306 AD2d 716, 717). Accordingly, the court should not have refused to issue an order to show cause why the inmates should not be released (see CPLR 7003[a]).
The respondents' remaining contentions are without merit.
We therefore reverse the judgment and remit the matter to the Supreme Court, Orange County, for further proceedings on the petition.
BALKIN, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court