People ex rel. Simpson v Keyser (2021 NY Slip Op 02042)





People ex rel. Simpson v Keyser


2021 NY Slip Op 02042


Decided on April 1, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 1, 2021

531909

[*1]The People of the State of New York ex rel. Theodore Simpson, Appellant,
v
William Keyser, as Superintendent of Sullivan Correctional Facility, Respondent.

Calendar Date: March 5, 2021

Before: Garry, P.J., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.


Theodore Simpson, Fallsburg, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



Appeal from an order of the Supreme Court (Schick, J.), entered August 5, 2020 in Sullivan County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
Petitioner is an inmate at Sullivan Correctional Facility (hereinafter SCF) serving lengthy prison sentences for multiple convictions of murder in the second degree and other crimes, and is not eligible for parole until 2060 (People v Simpson, 284 AD2d 238 [2001], lv denied 96 NY2d 942 [2001]; People v Simpson, 273 AD2d 40 [2000], lv denied 95 NY2d 871 [2000]; People v Simpson, 262 AD2d 177 [1999], lv denied 94 NY2d 829 [1999]). He filed an application for a writ of habeas corpus in April 2020 seeking his immediate release, asserting that he has health conditions that place him at increased risk if infected with the novel coronavirus responsible for causing COVID-19. Respondent moved to dismiss, submitting an affidavit detailing the protocols and preventative policies in place to address the spread of COVID-19 at SCF. Supreme Court denied the application on the merits, based upon People ex rel. Carroll v Keyser (184 AD3d 189, 192-193 [2020]).[FN1] Petitioner appeals.
We have reviewed the individual facts unique to petitioner's circumstances, i.e., relative to his age and physical condition. Upon consideration, we find that petitioner has failed to meet his burden of demonstrating that his detention at SCF was illegal or unconstitutional (see CPLR 7002 [a]; 7010 [a]; People ex rel. Carroll v Keyser, 184 AD3d at 192-193; People ex rel. Ferro v Brann, 183 AD3d 758, 758 [2020]). The basis of this determination is set forth in People ex rel. Figueroa v Keyser (___ AD3d ___ [decided herewith]) relative to both petitioner's Eighth Amendment claim and his substantive due process claim, and we adopt that analysis here. Petitioner's remaining claims have been examined and none establishes the illegality of his incarceration or his entitlement to immediate release (see People ex rel. Brown v New York State Div. of Parole, 70 NY2d 391, 398 [1987]; People ex rel. Kaplan v Commissioner of Correction of City of N.Y., 60 NY2d 648, 649 [1983]). Accordingly, we find that Supreme Court properly denied the application.
Garry, P.J., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Contrary to petitioner's claim, although Supreme Court initially signed an order to show cause for relief under CPLR article 78, petitioner's submissions sought immediate release under CPLR article 70. The court properly treated the application as seeking a writ of habeas corpus, and did not convert it to or treat it as a proceeding under CPLR article 78.