People ex rel. Sanchez v Keyser (2021 NY Slip Op 02036)





People ex rel. Sanchez v Keyser


2021 NY Slip Op 02036


Decided on April 1, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 1, 2021

531785

[*1]The People of the State of New York ex rel. Felix Sanchez, Appellant,
v
William Keyser, as Superintendent of Sullivan Correctional Facility, Respondent.

Calendar Date: March 5, 2021

Before: Garry, P.J., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.


Felix Sanchez, Fallsburg, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



Appeal from an order of the Supreme Court (Schick, J.), entered July 14, 2020 in Sullivan County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
Petitioner is an inmate at Sullivan Correctional Facility (hereinafter SCF) serving a prison sentence of 50 years to life upon his conviction of murder in the second degree and other crimes, and is not eligible for parole until 2039 (People v Sanchez, 216 AD2d 207 [1995], lv denied 87 NY2d 850 [1995]). In April 2020, he filed an application for a writ of habeas corpus seeking his immediate release from SCF asserting that his underlying health conditions and age place him at increased risk if infected with the novel coronavirus responsible for causing COVID-19. Petitioner alleged, among other things, that the conditions of his confinement and failure to protect him from the risk of COVID-19 amount to cruel and unusual punishment under the US and NY Constitutions (see US Const, 8th Amend; NY Const, art I, § 5). Respondent moved to dismiss, submitting an affidavit detailing the protocols and policies in place at SCF as of June 20, 2020 to address the pandemic, including prevention, medical preparedness, testing and isolation and quarantine practices, and indicated that all SCF inmates who had tested positive for COVID-19 had recovered. Supreme Court denied the application on the merits, based upon our decision in People ex rel. Carroll v Keyser (184 AD3d 189, 192-193 [2020]). Petitioner appeals.
We have reviewed the individual facts unique to petitioner's circumstances, i.e., relative to his age and physical condition. Upon consideration, we find that petitioner has failed to meet his burden of demonstrating that his detention at SCF was illegal or unconstitutional (see CPLR 7002 [a]; 7010 [a]; People ex rel. Carroll v Keyser, 184 AD3d at 192-193; People ex rel. Ferro v Brann, 183 AD3d 758, 758 [2020]). The basis of this determination is set forth in People ex rel. Figueroa v Keyser (___ AD3d ___ [decided herewith]) relative to both petitioner's Eighth Amendment claim and his substantive due process claim, and we adopt that analysis here. Petitioner's remaining claims have been examined and none establishes the illegality of his incarceration or his entitlement to immediate release (see People ex rel. Brown v New York State Div. of Parole, 70 NY2d 391, 398 [1987]; People ex rel. Kaplan v Commissioner of Correction of City of N.Y., 60 NY2d 648, 649 [1983]). Accordingly, we find that Supreme Court properly denied the application.
Garry, P.J., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.