People ex rel. Diaz v Keyser (2021 NY Slip Op 02045)





People ex rel. Diaz v Keyser


2021 NY Slip Op 02045


Decided on April 1, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 1, 2021

532001

[*1]The People of the State of New York ex rel. Angel Diaz, Appellant,
v
William Keyser, as Superintendent of Sullivan Correctional Facility, Respondent.

Calendar Date: March 5, 2021

Before: Garry, P.J., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.


Angel Diaz, Fallsburg, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



Appeal from an order of the Supreme Court (Schick, J.), entered September 4, 2020 in Sullivan County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
Petitioner is an inmate at Sullivan Correctional Facility (hereinafter SCF) who is serving a 38½-year prison sentence upon his conviction of two counts of murder in the second degree and other crimes, and is eligible for parole in 2027 (People v Diaz, 206 AD2d 314 [1994]). In July 2020, petitioner commenced this proceeding for a writ of habeas corpus seeking his immediate release, alleging that he has a medical condition and comorbidity that place him in danger of significant illness or death if infected with the novel coronavirus that causes COVID-19. Respondent moved to dismiss, submitting an affidavit detailing the protocols and policies in place to address the spread of COVID-19 at SCF as of August 11, 2020, including preventative measures, isolation and quarantine practices and expanded testing of inmates, and indicated that all SCF inmates who had tested positive for COVID-19 had recovered. Supreme Court denied the application on the merits, based upon our decision in People ex rel. Carroll v Keyser (184 AD3d 189, 192-193 [2020]). Petitioner appeals.
We have reviewed the individual facts unique to petitioner's circumstances, i.e., regarding his age and physical condition. Upon consideration, we find that petitioner has failed to meet his burden of demonstrating that his detention at SCF was illegal or unconstitutional (see CPLR 7002 [a]; 7010 [a]; People ex rel. Carroll v Keyser, 184 AD3d at 192-193; People ex rel. Ferro v Brann, 183 AD3d 758, 758 [2020]). The basis of this determination is set forth in People ex rel. Figueroa v Keyser (___ AD3d ___ [decided herewith]) relative to both petitioner's Eighth Amendment claim and his substantive due process claim, and we adopt that analysis here. Petitioner's remaining claims have been examined and none establishes the illegality of his incarceration or his entitlement to immediate release (see People ex rel. Brown v New York State Div. of Parole, 70 NY2d 391, 398 [1987]; People ex rel. Kaplan v Commissioner of Correction of City of N.Y., 60 NY2d 648, 649 [1983]). Accordingly, we find that Supreme Court properly denied the application.
Garry, P.J., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.