People ex rel. Kielly v Russell (2025 NY Slip Op 02599)

People ex rel. Kielly v Russell

2025 NY Slip Op 02599

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2022-09220
 (Index No. 282/22)

[*1]The People of the State of New York, ex rel. Sara Gabriella Kielly, appellant, 
v
Eileen Russell, etc., et al., respondents.

Scott M. Bishop, White Plains, NY, for appellant.
Letitia James, Attorney General, New York, NY (Ester Murdukhayeva and Blair J. Greenwald of counsel), for respondents.

DECISION & ORDER
In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Westchester County (George E. Fufidio, J.), dated September 15, 2022. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed, without costs or disbursements.
The petitioner is currently serving a sentence of imprisonment for her 2012 conviction of murder in the first degree, and will not be eligible for parole until 2036. The petitioner commenced this proceeding for a writ of habeas corpus, seeking her immediate release from custody due to, inter alia, the respondents' alleged deliberate indifference to her serious medical need for gender-affirming care. In a judgment dated September 15, 2022, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
The petitioner has failed to demonstrate that her imprisonment is illegal (see People ex rel. Tse v Barometre, 188 AD3d 714, 715; People ex rel. Ferro v Brann, 183 AD3d 758, 758). Contrary to the petitioner's contention, she has not demonstrated that prison officials have been deliberately indifferent to her medical needs or that she is entitled to immediate release from custody as a remedy for any failure to address her medical needs (see People ex rel. Ferro v Brann, 183 AD3d at 758).
Since there were no triable issues of fact that necessitated a hearing, the Supreme Court properly denied the petition, and, in effect, dismissed the proceeding without conducting a hearing (see People ex rel. Robertson v New York State Div. of Parole, 67 NY2d 197, 203; People ex rel. Grossfeld v Brann, 182 AD3d 556, 556; People ex rel. Jackson v Scully, 183 AD2d 799, 799-800).
Moreover, the Supreme Court did not err in denying the petitioner's request for the appointment of counsel, as she failed to make a prima facie showing of a need for legal counsel (see People ex rel. Williams v La Vallee, 19 NY2d 238, 241; People ex rel. Adamson v Griffin, 178 AD3d 715, 715; People v Soodoo, 109 AD3d 1014, 1016).
The petitioner's remaining contention is not properly before this Court.
CONNOLLY, J.P., MILLER, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court