People ex rel. Mischel v Russell (2025 NY Slip Op 06715)

People ex rel. Mischel v Russell

2025 NY Slip Op 06715

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
DONNA-MARIE E. GOLIA
PHILLIP HOM, JJ.

2025-07894
 (Index No. 64281/25)

[*1]The People of the State of New York, ex rel. Richard E. Mischel, etc., on behalf of Shamdai Arjun, appellant,
v
Eileen Russell, etc., respondent.

Richard E. Mischel, P.C., New York, NY (Richard E. Mischel pro se of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Gillian Barna of counsel), for respondent.

DECISION & ORDER
In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Maurice Dean Williams, J.), dated July 1, 2025. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, without costs or disbursements.
In 2019, Shamdai Arjun was convicted of murder in the second degree and sentenced to an indeterminate term of imprisonment of 22 years to life. While incarcerated, Arjun was diagnosed with recurring cervical cancer. The petitioner commenced this proceeding on behalf of Arjun for a writ of habeas corpus, seeking the release of Arjun from custody at Bedford Hills Correctional Facility. In a judgment dated July 1, 2025, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
Habeas corpus does not lie unless the appropriate relief is immediate release from restraint or imprisonment (see People ex rel. Lucien v Superintendent, Fishkill Corr. Facility, N.Y.S. DOCCS, 190 AD3d 863, 865; People ex rel. Tse v Barometre, 188 AD3d 714, 714-715). Generally, habeas corpus does not lie where a petitioner seeks only to challenge the conditions of confinement, and does not challenge the fact of confinement itself (see People ex rel. Kalikow v Scully, 198 AD2d 250, 250-251).
The petitioner has failed to demonstrate that Arjun's imprisonment is illegal (see CPLR 7002[a]; 7010[a]; People ex rel. DeLia v Munsey, 26 NY3d 124, 127-128; People ex rel. Kielly v Russell, 237 AD3d 1217, 1217). Contrary to the petitioner's contention, he has not demonstrated that prison officials have been deliberately indifferent to Arjun's medical needs or that Arjun is entitled to immediate release from custody as a remedy for any failure to address her medical needs (see People v Brann, 183 AD3d 758, 758; People ex rel. Kalikow v Scully, 198 AD2d at 250-251). To the extent the petitioner contends that Arjun's lawful sentence became grossly excessive due to her cancer diagnosis, the petitioner has not made the requisite showing that the sentence is "so grossly disproportionate to the offense[ ] [Arjun] committed as to amount to an [*2]unconstitutionally cruel and unusual punishment" (People v Ortiz, 64 NY2d 997, 999; see People v Brathwaite, 263 AD2d 89, 92).
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
DILLON, J.P., GENOVESI, GOLIA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court