■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAULINO VALENZUELA, Appellant. [47 NYS3d 249]—

Judgment, Supreme Court, Bronx County (Alvin Yearwood, J.), rendered May 5, 2011, as amended May 6, 2011, convicting defendant, after a jury trial, of murder in the second degree, attempted murder in the second degree, criminal possession of a weapon in the second degree (two counts) and assault in the first degree, and sentencing him to an aggregate term of 90 years to life, unanimously modified, on the law, to the extent of directing that the sentence for a weapon possession conviction that is presently consecutive to the other sentences instead be

served concurrently with the other sentences, resulting in a new aggregate term of 75 years to life, and otherwise affirmed.

The court providently exercised its discretion in denying defendant's mistrial motion, made after five weeks of trial, when defense counsel announced that he would be unable to call his intended expert witness because the expert was no longer of the opinion that defendant acted under the influence of extreme emotional disturbance (EED). Initially, defendant's contention that the court applied the wrong standard is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find that even though the court used inapplicable "manifest necessity" nomenclature, the context of its ruling demonstrates that it was in essence applying the proper "prejudicial" standard (see CPL 280.10 [1]). We conclude, based on all the circumstances, that defendant's inability to call the expert was not so prejudicial as to warrant a mistrial. The trial court offered to grant a substantial adjournment for defendant to obtain another expert, and it offered to expedite the process. Ultimately, neither the prosecution nor the defense called any expert witnesses regarding the EED defense. Furthermore, the court permitted defendant to assert the defense based on nonexpert evidence, and it charged the jury that no expert testimony was necessary to establish that defense. In any event, any error was harmless because, even with expert testimony, there is no reasonable possibility that defendant could have established his affirmative defense by a preponderance of the evidence. There was overwhelming evidence to refute that defense (see e.g. People v Diaz, 15 NY3d 40, 48 [2010]), including defendant's extensive premeditation of this crime of revenge, his calm surrender to authorities, and his statements undermining an EED defense.

The challenged portions of the prosecutor's summation do not warrant reversal (see People v Overlee, 236 AD2d 133 [1997], lv denied 91 NY2d 976 [1992]; People v D'Alessandro, 184 AD2d 114, 118-119 [1992], lv denied 81 NY2d 884 [1993]). While the statement that "[t]here is no psychiatrist testimony in this case" was improper, given the People's agreement to permit defendant to assert the defense without expert testimony, any prejudice was cured by the court's jury instruction.

Defendant received effective assistance of counsel under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). While defendant argues that defense counsel was ineffective for failing to make a timely request for an EED charge on the three attempted murder counts, defendant was not

prejudiced because he was acquitted on two of those counts, and, as noted, the EED defense was so weak that there is no reasonable possibility that such a charge would have led to a more favorable verdict on the remaining count.

Defendant's pro se ineffective assistance and related claims regarding the issue of mental competency are unreviewable on direct appeal because they involve matters outside the record. Accordingly, since defendant has not made a CPL 440.10 motion, the merits of these claims may not be addressed on appeal.

The record does not support a finding of separate acts so as to permit a consecutive sentence for a weapon possession conviction (*see* Penal Law § 70.25 [2]; *People v Hamilton*, 4 NY3d 654 [2005]), and we modify accordingly. Concur—Acosta, J.P., Mazzarelli, Feinman and Webber, JJ.