People ex rel. King v Keyser (2021 NY Slip Op 02044)





People ex rel. King v Keyser


2021 NY Slip Op 02044


Decided on April 1, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 1, 2021

531961

[*1]The People of the State of New York ex rel. Eugene King, Appellant,
v
William Keyser, as Superintendent of Sullivan Correctional Facility, Respondent.

Calendar Date: March 5, 2021

Before: Garry, P.J., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.


Eugene King, Fallsburg, for appellant.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



Appeal from an order of the Supreme Court (Schick, J.), entered August 13, 2020 in Sullivan County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
Petitioner is an inmate at Sullivan Correctional Facility (hereinafter SCF) serving a prison sentence of 12 years upon his drug and gun-related convictions, and is eligible for parole in 2027. He filed an application for a writ of habeas corpus in June 2020 asserting that he has certain health conditions that place him at increased risk if infected with the novel coronavirus responsible for causing COVID-19. Respondent moved to dismiss and submitted an affidavit detailing the protocols and policies in place to address the spread of COVID-19 at SCF as of June 7, 2020. Supreme Court denied the application on the merits, based upon People ex rel. Carroll v Keyser (184 AD3d 189, 192-193 [2020]). Petitioner appeals.
We have reviewed the individual facts unique to petitioner's circumstances, i.e., relative to his age and physical condition. Upon consideration, we find that petitioner has failed to meet his burden of demonstrating that his detention at SCF was illegal or unconstitutional (see CPLR 7002 [a]; 7010 [a]; People ex rel. Carroll v Keyser, 184 AD3d at 192-193; People ex rel. Ferro v Brann, 183 AD3d 758, 758 [2020]). The basis of this determination is set forth in People ex rel. Figueroa v Keyser (___ AD3d ___ [decided herewith]) relative to both petitioner's Eighth Amendment claim and his substantive due process claim, and we adopt that analysis here. Petitioner's remaining claims have been examined and none establishes the illegality of his incarceration or his entitlement to immediate release (see People ex rel. Brown v New York State Div. of Parole, 70 NY2d 391, 398 [1987]; People ex rel. Kaplan v Commissioner of Correction of City of N.Y., 60 NY2d 648, 649 [1983]).[FN1] Accordingly, we find that Supreme Court properly denied the application.
Garry, P.J., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Although petitioner asserted that his Sixth Amendment rights, which concern the trial-related rights of an accused (see People v Suazo, 32 NY3d 491, 495 [2018]), had been violated by his continued incarceration during the pandemic, he made no assertions to support that claim, and we discern none (US Const, 6th Amend).