People ex rel. Figueroa v Keyser (2021 NY Slip Op 02035)





People ex rel. Figueroa v Keyser


2021 NY Slip Op 02035


Decided on April 1, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 1, 2021

531784

[*1]The People of the State of New York ex rel. William Figueroa, Appellant,
v
William Keyser, as Superintendent of Sullivan Correctional Facility, Respondent.

Calendar Date: March 5, 2021

Before: Garry, P.J., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.


William Figueroa, Fallsburg, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



Appeal from an order of the Supreme Court (Schick, J.), entered July 13, 2020 in Sullivan County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
Petitioner is currently serving a sentence of imprisonment upon his 1991 conviction for murder in the second degree and other crimes (People v Figueroa, 213 AD2d 669 [1995], lv denied 85 NY2d 972 [1995]) and is eligible for parole in 2038. In April 2020, he filed an application for a writ of habeas corpus seeking his immediate release from Sullivan Correctional Facility (hereinafter SCF) asserting that his underlying health conditions and age placed him at increased risk if infected with the novel coronavirus responsible for causing COVID-19. Petitioner alleged that, as a result of the COVID-19 pandemic, the conditions at SCF and the risks presented by his confinement constituted cruel and unusual punishment and deprived him of due process, in violation of the US and NY Constitutions (see US Const, 8th, 14th Amends; NY Const, art I, §§ 5, 6). Respondent moved to dismiss in lieu of serving a return. Supreme Court denied the application on the merits based upon our decision in People ex rel. Carroll v Keyser (184 AD3d 189 [2020]), in which we denied an application also made in April 2020 for a writ of habeas corpus on behalf of an inmate at SCF.[FN1] Petitioner appeals.
We affirm. Petitioner failed to meet his burden of demonstrating that his detention at SCF was illegal (see CPLR 7002 [a]; 7010 [a]; People ex rel. Carroll v Keyser, 184 AD3d at 192-196; People ex rel. Ferro v Brann, 183 AD3d 758, 758 [2020]).[FN2] Petitioner alleged that his continued confinement at SCF violated the constitutional prohibitions against punishment that is "cruel and unusual" or excessive (US Const, 8th Amend; NY Const, art I, § 5). Specifically, he alleged in a series of affidavits and submissions that inadequate preventative measures were being taken at SCF to stem the spread of COVID-19, SCF's medical facilities were incapable of caring for COVID-19 patients, and the close conditions inherent in incarceration, combined with his medical conditions, posed a grave risk to him should he contract COVID-19, requiring his immediate release.[FN3]
Although petitioner may have arguably established that, objectively, he was "incarcerated under conditions posing a substantial risk of serious harm" based upon the spread of COVID-19 among SCF inmates and staff and his claimed medical conditions, we do not reach that determination, as we find that he failed to demonstrate the second, subjective element of an Eighth Amendment claim.[FN4] That would require a showing that prison officials failed to protect him thereby exhibiting "deliberate indifference" to that risk, which requires a showing similar to criminal recklessness (Farmer v Brennan, 511 US 825, 828, 834, 839-840 [1994]; see People ex rel. Carroll v Keyser, 184 AD3d at 193-195). Respondent submitted [*2]a sworn affidavit, similar to the one submitted in People ex rel. Carroll v Keyser (184 AD3d at 194), detailing the extensive protocols and preparedness measures in place as of June 20, 2020 to stop the introduction of the novel coronavirus into SCF and its transmission within the facility. Respondent's affidavit reported that all 23 inmates who had tested positive to date had recovered. This was sufficient to establish that prison officials did not disregard the risks posed by COVID-19. In opposition, petitioner contended that social distancing and other protective and hygiene protocols were difficult if not impossible to maintain in the prison setting, and that adequate protective equipment was not consistently supplied or used. Nonetheless, petitioner's allegations failed to demonstrate that prison officials disregarded the risks posed by COVID-19 or exhibited deliberate indifference as required to establish a violation of the Eighth Amendment or entitlement to immediate release on this basis (see People ex rel. Carroll v Keyser, 184 AD3d at 193-195).[FN5] To the extent that petitioner is arguing that his lawful sentence became grossly excessive due to the risks posed by the pandemic, an issue we assume is properly raised in this proceeding, he has not made the requisite showing that his punishment is "'so grossly proportionate to [his] offense as to amount to an unconstitutionally cruel and unusual punishment'" (People ex rel. Carroll v Keyser, 184 AD3d at 196, quoting People v Jones, 39 NY2d 694, 697 [1976]; see US Const 8th Amend; NY Const, art I, § 5).
Petitioner also asserts a substantive due process claim under the Fifth and Fourteenth Amendments (US Const, 5th, 14th Amends), which "bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them" (Zinermon v Burch, 494 US 113, 125 [1990] [internal quotation marks and citation omitted]; see People ex rel. Johnson v Superintendent, Adirondack Corr. Facility, 36 NY3d 187, 198 [2020]). However, "if a constitutional claim is covered by a specific constitutional provision, such as the
. . . Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process" (United States v Lanier, 520 US 259, 272 n 7 [1997]; see Portuondo v Agard, 529 US 61, 74 [2000]; Graham v Connor, 490 US 386, 394 [1989]; United States v Medunjanin, 752 F3d 576, 590-591 [2d Cir 2014], cert denied 574 US 916 [2014]). As petitioner's contentions have been analyzed and found to be without merit under the Eighth Amendment, this claim is unavailing. Upon examination of petitioner's remaining claims, we find that they fail to establish the illegality of his incarceration or his entitlement to immediate release. Accordingly, Supreme Court properly denied the application.
Garry, P.J., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed[*3], without costs.



Footnotes

Footnote 1: Although respondent moved to dismiss and did not serve a return, the motion papers opposed the application on the merits and were accompanied by respondent's factual affidavit disputing petitioner's allegations and other information expected in a return (see CPLR 7008); petitioner, in turn, served a reply also addressing the merits (see CPLR 7009 [b]). Respondent acknowledges that the dismissal was on the merits. Accordingly, we address Supreme Court's order as reaching the merits of the application, as we did in People ex rel. Carroll v Keyser (184 AD3d at 192). We note that, if respondent intends to address the merits of a special proceeding rather than the sufficiency of the pleadings, respondent should serve a responsive pleading, here a return pursuant to CPLR 7008, rather than making a motion pursuant to CPLR 3211 (a) (7), which properly addresses "only whether the facts as alleged [and accepted as true] fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]; see Matter of 54 Marion Ave., LLC v City of Saratoga Springs, 162 AD3d 1341, 1342 [2018]; Matter of Hull-Hazard, Inc. v Roberts, 129 AD2d 348, 350 [1987], affd 72 NY2d 900 [1988]; cf. CPLR 404).

Footnote 2: We note that the Second Department found, in a similar matter, that habeas corpus is an appropriate remedy (see People ex rel. Tse v Barometre, 188 AD3d 714, 715 [2020]; compare People ex rel. Carroll v Keyser, 184 AD3d at 192-193).

Footnote 3: Petitioner did not assert that he had been ill with COVID-19 or had been denied medical treatment.

Footnote 4: Respondent submitted an affidavit and medical records documenting that SCF medical staff had no record that petitioner had been diagnosed with or was being treated for the medical conditions he claimed, was immunocompromised or was otherwise at greater risk than other inmates. Petitioner submitted no medical documentation.

Footnote 5: Petitioner did not argue that the prohibition against cruel and unusual punishment in NY Constitution, article I, § 5 requires a different analysis or inquiry (see People v Davis, 33 NY2d 221, 227 [1973], cert denied 416 US 973 [1974]).