People ex rel. Concepcion v Keyser (2021 NY Slip Op 03101)





People ex rel. Concepcion v Keyser


2021 NY Slip Op 03101


Decided on May 13, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 13, 2021

532007
[*1]The People of the State of New York ex rel. Felipe Concepcion, Appellant,
v
William Keyser, Respondent.

Calendar Date:April 16, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.

Felipe Concepcion, Fallsburg, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Schick, J.), entered September 2, 2020 in Sullivan County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
Petitioner was convicted in 1991 of multiple counts of murder in the second degree and other crimes for which he is currently serving a lengthy prison sentence, and is not eligible for parole until 2066 (People v Concepcion, 187 AD2d 316 [1992], lv denied 81 NY2d 787 [1993]). In July 2020, he filed an application for a writ of habeas corpus seeking his immediate release from Sullivan Correctional Facility (hereinafter SCF), asserting that his medical conditions placed him at increased risk if exposed to the novel coronavirus that causes COVID-19. Petitioner contended that the conditions and safety practices at SCF during the COVID-19 pandemic were unconstitutional in that, among other things, they constituted cruel and unusual punishment and deprived him of due process (see US Const, 5th, 6th, 8th, 14th Amends). Respondent moved to dismiss, arguing that petitioner was not entitled to immediate release. Supreme Court denied the application on the merits, based upon our decision in People ex rel. Carroll v Keyser (184 AD3d 189 [2020]). Petitioner appeals.[FN1]
We affirm. We have reviewed the record and the facts unique to petitioner's circumstances regarding his underlying health conditions. For reasons explained in People ex rel. Figueroa v Keyser (___ AD3d ___, ___, 2021 NY Slip Op 02035, *1-2 [2021]), we find that petitioner failed to satisfy his burden to demonstrate that his detention at SCF was illegal or unconstitutional, so as to entitle him to relief pursuant to a writ of habeas corpus (see CPLR 7002 [a]; 7010 [a]; People ex rel. Carroll v Keyser, 184 AD3d at 192-193). Petitioner's remaining claims have been examined and we likewise find that none establishes the illegality of his incarceration or his entitlement to immediate release (see People ex rel. Brown v New York Div. of Parole, 70 NY2d 391, 398 [1987]; People ex rel. Kaplan v Commissioner of Correction of City of N.Y., 60 NY2d 648, 649 [1983]). Accordingly, we find that Supreme Court properly denied the application.
Egan Jr., J.P., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: We exercise our discretion to treat defendant's premature notice of appeal as valid (see CPLR 5501).