People ex rel. Payne v McIntosh (2021 NY Slip Op 04521)





People ex rel. Payne v McIntosh


2021 NY Slip Op 04521


Decided on July 22, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 22, 2021

531879
[*1]The People of the State of New York ex rel. James Payne, Appellant,
v
Donita McIntosh, as Superintendent of Bare Hill Correctional Facility, Respondent.

Calendar Date:June 17, 2021

Before:Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

James Payne, Malone, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Ellis, J.), entered June 2, 2020 in Franklin County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.
Petitioner is currently serving concurrent prison sentences upon his convictions of multiple counts of criminal sale of a controlled substance in the third degree and other crimes, and is eligible for parole in 2023. In May 2020, petitioner filed an application for a writ of habeas corpus pursuant to CPLR article 70 seeking his immediate release from Bare Hill Correctional Facility (hereinafter BHCF), asserting that his continued confinement during the COVID-19 pandemic is unconstitutional. He alleged that social distancing is not possible in the crowded prison setting, placing him at risk for exposure to, among other things, the novel coronavirus responsible for causing COVID—19. Petitioner claimed that his ongoing incarceration at BHCF violates his right to due process and to be free of cruel and unusual treatment (see US Const, 8th, 14th Amends; NY Const, art I, §§ 5, 6). Respondent served an answer/return asserting, among other things, that petitioner was not entitled to immediate release from his lawful sentence and that, as of May 2020, there had been no documented cases of COVID-19 among inmates at BHCF. Supreme Court dismissed the petition, finding that petitioner had not demonstrated entitlement to immediate release. Petitioner appeals.
We affirm. Upon review of the allegations in the petition, including the facts and circumstances specific to petitioner, we find that he has failed to meet his burden of demonstrating that his detention at BHCF is illegal or unconstitutional under a due process or Eighth Amendment analysis (see CPLR 7002 [a]; 7010 [a]; People ex rel. Carroll v Keyser, 184 AD3d 189, 192—193 [2020]; see also People ex rel. Figueroa v Keyser, 193 AD3d 1148, 1149-1151 [2021]; People ex rel. Pons v Keyser, 193 AD3d 1166, 1167 [2021]; People ex rel. Ferro v Brann, 183 AD3d 758, 758 [2020]). Petitioner's remaining claims have been examined and do not establish the illegality of his incarceration or his entitlement to immediate release (see People ex rel. Brown v New York State Div. of Parole, 70 NY2d 391, 398 [1987]; People ex rel. Kaplan v Commissioner of Correction of City of N.Y., 60 NY2d 648, 649 [1983]; People ex rel. James v Keyser, 193 AD3d 1163, 1164 [2021]). Accordingly, Supreme Court properly dismissed the application.
Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.