People ex rel. Valenzuela v Keyser (2021 NY Slip Op 05151)





People ex rel. Valenzuela v Keyser


2021 NY Slip Op 05151


Decided on September 30, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 30, 2021

532877
[*1]The People of the State of New York ex rel. Paulino Valenzuela, Appellant,
v
William F. Keyser, as Superintendent of Sullivan Correctional Facility, Respondent.

Calendar Date:September 3, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Colangelo, JJ.

Paulino Valenzuela, Fallsburg, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



Appeal from an order of the Supreme Court (Schick, J.), entered January 22, 2021 in Sullivan County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
Petitioner was convicted in 2011 of murder in the second degree and other crimes and is currently serving a lengthy aggregate prison sentence, and is not eligible for parole until 2075 (People v Valenzuela, 146 AD3d 675 [2017], lv denied 29 NY3d 1002 [2017]). In July 2020, petitioner filed an application for a writ of habeas corpus seeking his immediate release from Sullivan Correctional Facility (hereinafter SCF), alleging that his continued confinement during the COVID-19 pandemic is unconstitutional given, among other factors, the conditions inherent in a prison setting and that he had contracted COVID-19 at SCF.[FN1] Petitioner asserted that respondent has been deliberately indifferent to the health risks posed to him at SCF, and that the conditions of his confinement expose him to the risk of being infected a second time. Respondent moved to dismiss on the merits in lieu of serving a return, opposing petitioner's release, and submitted an affidavit detailing the protocols and preventative measures in place at SCF as of August 2020 to stem the spread of COVID-19. Supreme Court denied the application based upon our decision in People ex rel. Carroll v Keyser (184 AD3d 189 [2020]).[FN2] Petitioner appeals.
We affirm. We have reviewed petitioner's specific allegations in his petition and reply and find that he failed to meet his burden of demonstrating that his detention at SCF is illegal or unconstitutional under a due process or Eighth Amendment analysis (see CPLR 7002 [a]; 7010 [a]; US Const 8th, 14th Amends; NY Const, art I, §§ 5, 6; People ex rel. Carroll v Keyser, 184 AD3d at 192—196; see also People ex rel. Figueroa v Keyser, 193 AD3d 1148, 1149-1151 [2021], lv denied 37 NY3d 905 [2021]; People ex rel. Pons v Keyser, 193 AD3d 1166, 1167 [2021], lv denied 37 NY3d 905 [2021]; People ex rel. Ferro v Brann, 183 AD3d 758, 758 [2020]).[FN3] Petitioner failed to make any allegations supporting his claim that his incarceration during a pandemic violated the 5th or 6th Amendment of the US Constitution (see People ex rel. King v Keyser, 193 AD3d 1164, 1165 n [2021]). Petitioner's remaining claims have been examined and do not establish the illegality of his incarceration or his entitlement to immediate release (see People ex rel. Brown v New York State Div. of Parole, 70 NY2d 391, 398 [1987]; People ex rel. Kaplan v Commissioner of Correction of City of N.Y., 60 NY2d 648, 649 [1983]; People ex rel. James v Keyser, 193 AD3d 1163, 1164 [2021]). Accordingly, Supreme Court properly denied the application.
Egan Jr., J.P., Lynch, Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Petitioner did not allege that he had been denied appropriate medical treatment. Previously, petitioner had unsuccessfully applied for a writ of habeas corpus in federal court (see Valenzuela v Keyser, 2020 WL 3839697, 2020 LEXIS 120186 [SD NY, July 8, 2020, No.19-CV-3696]).

Footnote 2: Although respondent's motion to dismiss cited CPLR 3211 (a) (7), he submitted a factual affidavit controverting petitioner's allegations and opposed the application on the merits, as he now acknowledges, and petitioner served a reply addressing the merits (see CPLR 7009 [b]). Accordingly, we treat Supreme Court's order as denying the application on its merits and not based on the insufficiency of the pleadings (see People ex rel. Figueroa v Keyser, 193 AD3d 1148, 1149 n 1 [2021], lv denied 37 NY3d 905 [2021]; People ex rel. Carroll v Keyser, 184 AD3d at 192).

Footnote 3: To the extent that we may consider developments subsequent to Supreme Court's order (see People ex rel. Carroll v Keyser, 184 AD3d at 195), we note that respondent represents that all incarcerated persons at SCF have been offered and, if willing, received full vaccination against COVID-19.