People ex rel. Brown v State of N.Y. Dept. of Corr. (2021 NY Slip Op 05423)





People ex rel. Brown v State of N.Y. Dept. of Corr.


2021 NY Slip Op 05423


Decided on October 8, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, WINSLOW, AND BANNISTER, JJ.


770 KAH 20-01142

[*1]THE PEOPLE OF THE STATE OF NEW YORK EX REL. GERMAINE BROWN, PETITIONER-APPELLANT,
v
STATE OF NEW YORK DEPARTMENT OF CORRECTIONS, RESPONDENT-RESPONDENT. 






DAVID J. PAJAK, ALDEN, FOR PETITIONER-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (SARAH L. ROSENBLUTH OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from a judgment (denominated judgment and order) of the Supreme Court, Orleans County (Sanford A. Church, A.J.), entered August 19, 2020 in a habeas corpus proceeding. The judgment dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner is currently serving a sentence of imprisonment at Orleans Correctional Facility (OCF). In June 2020, he filed a petition for a writ of habeas corpus seeking his immediate release on the ground that his underlying health conditions placed him at increased risk if infected with the novel coronavirus responsible for causing COVID-19. Petitioner alleged that, as a result of the COVID-19 pandemic, the conditions at OCF and the risks presented by his confinement constitute cruel and unusual punishment in violation of the United States and New York Constitutions (see US Const, 8th Amend; NY Const, art I, § 5). Petitioner appeals from a judgment dismissing his petition. We affirm.
Even assuming, arguendo, that petitioner, having received the benefit of assigned counsel, was therefore entitled to the protections equivalent to the constitutional standard of effective assistance of counsel afforded to defendants in criminal proceedings, we reject petitioner's contention that he was denied effective assistance of counsel. Viewing the record as a whole, we conclude that counsel provided meaningful representation (see People v Baldi, 54 NY2d 137, 147 [1981]).
Petitioner further contends that Supreme Court erred in dismissing the petition and that the matter should be remitted for further development of the record. We reject that contention. Petitioner failed to satisfy his burden to demonstrate that his detention at OCF was illegal (see CPLR 7010 [a]; People ex rel. Figueroa v Keyser, 193 AD3d 1148, 1149-1150 [3d Dept 2021]; People ex rel. Carroll v Keyser, 184 AD3d 189, 194-196 [3d Dept 2020]). Thus, the court properly dismissed the petition.
Entered: October 8, 2021
Ann Dillon Flynn
Clerk of the Court