People ex rel. Robinson v Harder (2021 NY Slip Op 07048)





People ex rel. Robinson v Harder


2021 NY Slip Op 07048


Decided on December 16, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 16, 2021

533131
[*1]The People of the State of New York ex rel. Nicholas Robinson, Appellant,
v
David E. Harder, as Broome County Sheriff, Respondent.

Calendar Date:November 12, 2021

Before:Garry, P.J., Egan Jr., Lynch, Pritzker and Colangelo, JJ.

Nicholas Robinson, Binghamton, appellant pro se.
Robert G. Behnke, County Attorney, Binghamton (Jennifer L. Church of counsel), for respondent.



Appeal from an order of the Supreme Court (Tait, J.), entered March 1, 2021 in Broome County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.
Based upon various criminal charges, petitioner was remanded with bail to the custody of respondent and held at the Broome County Correctional Facility. Petitioner thereafter filed an application for a writ of habeas corpus, asserting that he was entitled to immediate release because, among other things, the facility is not in compliance with COVID-19 guidelines which, given his medical condition, places him at increased risk of serious illness or death rendering his continued confinement unconstitutional and that the bail set is unconstitutionally excessive. Respondent served an answer opposing petitioner's release and submitting various affidavits outlining, among other things, the nature of the charges against petitioner as well as the facility's extensive COVID-19 protocols that meet or exceed the Center for Disease Control guidance and information about petitioner's underlying health conditions. Supreme Court dismissed the petition. Petitioner appeals.
We have reviewed petitioner's allegations with respect to his immediate release based upon COVID-19 and find that petitioner has failed to meet his burden of demonstrating that his continued confinement at the facility is illegal or unconstitutional (see People ex rel. Valenzuela v Keyser, 197 AD3d 1484, 1485 [2021]; People ex rel. Payne v McIntosh, 196 AD3d 979, 979-980 [2021], lv denied 37 NY3d 913 [2021]). To the extent that the petition challenges the amount of bail set as unconstitutionally excessive, such issue is moot given that petitioner has been remanded without bail following his subsequent guilty plea, and the exception to the mootness doctrine is inapplicable (see People ex rel. Roth v Ponte, 156 AD3d 579, 579 [2017]; see also People ex rel. Codina v Lamont, 5 AD3d 151, 151 [2004]). Petitioner's remaining contentions have been reviewed and, to the extent preserved, would not entitle petitioner to immediate release and, therefore, habeas corpus relief is unavailable (see People ex rel. Valenzuela v Keyser, 197 AD3d at 1485).
Garry, P.J., Egan Jr., Lynch, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.