People ex rel. Feliz v Smith (2022 NY Slip Op 01858)





People ex rel. Feliz v Smith


2022 NY Slip Op 01858


Decided on March 17, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 17, 2022

532508
[*1]The People of the State of New York ex rel. Juan Feliz, Appellant,
v
Brandon J. Smith, as Superintendent of Greene Correctional Facility, et al., Respondents.

Calendar Date:February 10, 2022

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and McShan, JJ.

Robert S. Dean, Center for Appellate Litigation, New York City (Alma D. Gonzalez of counsel), for appellant.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for Brandon J. Smith and another, respondents.
Darcel D. Clark, District Attorney, New York City (John T. Komondorea of counsel), for Bronx County District Attorney, respondent.



Aarons, J.
Appeal from an order of the Supreme Court (Fisher, J.), entered November 23, 2020 in Greene County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
Petitioner is an incarcerated individual at Greene Correctional Facility (hereinafter GCF) serving a prison sentence of eight years upon his 2016 conviction of criminal sexual act in the first degree. In October 2020, petitioner filed an application for a writ of habeas corpus seeking his immediate release from GCF asserting that his underlying health conditions place him at increased risk if infected with the novel coronavirus responsible for causing COVID-19. Respondents filed returns and moved to dismiss, submitting affidavits detailing the protocols and policies in place at GCF to address petitioner's COVID-19 asymptomatic infection and the spread of COVID-19 throughout the prison generally. Supreme Court denied the application on the merits based upon our decision in People ex rel. Carroll v Keyser (184 AD3d 189 [2020]), among other reasons. Petitioner appeals.
We affirm. Upon review and consideration of petitioner's circumstances, i.e., his medical conditions, petitioner has failed to meet his burden of demonstrating that his detention at GCF was illegal or unconstitutional (see People ex rel. James v Keyser, 193 AD3d 1163, 1163-1164 [2021]; People ex rel. Carroll v Keyser, 184 AD3d at 192-193).[FN1] For the reasons stated in People ex rel. Figueroa v Keyser (193 AD3d 1148 [2021], lv denied 37 NY3d 905 [2021]), petitioner's claim that his continued confinement is "cruel and unusual" (US Const 8th Amend; see NY Const, art I, § 5) and his related substantive due process claim (see US Const 14th Amend; NY Const, art I, § 6) are without merit. Petitioner's remaining claim that he should have been afforded a hearing is likewise without merit, as such a hearing is not required where, as here, "'upon the pleadings, papers and admissions . . . no triable issues of fact are raised'" (People ex rel. Robertson v New York State Div. of Parole, 67 NY2d 197, 203 [1986], quoting CPLR 409 [b]). Accordingly, Supreme Court properly denied the application.
Egan Jr., J.P., Clark, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: We note similar matters in which habeas corpus has been found to be an appropriate remedy (see People ex rel. Figueroa v Keyser, 193 AD3d 1148, 1149 n 2 [2021], lv denied 37 NY3d 905 [2021]; People ex rel. Tse v Barometre, 188 AD3d 714, 715 [2020]).