People ex rel. Walker v Lynn (2022 NY Slip Op 05121)

People ex rel. Walker v Lynn

2022 NY Slip Op 05121

Decided on September 1, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 1, 2022

533576
[*1]The People of the State of New York ex rel. Michael Walker, Appellant,
v
Lilly J. Lynn, as Superintendent of Eastern Correctional Facility, Respondent.

Calendar Date:August 18, 2022

Before:Garry, P.J., Lynch, Aarons, Ceresia and Fisher, JJ.

Michael Walker, Napanoch, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.

Garry, P.J.
Appeal from an order of the Supreme Court (Julian D. Schreibman, J.), entered May 24, 2021 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.
Petitioner is incarcerated at Eastern Correctional Facility serving concurrent prison terms, the maximum of which is 12 years to life, upon his convictions of burglary in the third degree and attempted robbery in the second degree, and is eligible for parole in 2029 (People v Walker, 189 AD3d 1619 [2d Dept 2020], lv dismissed 37 NY3d 975 [2021]). In April 2021, petitioner filed an application for a writ of habeas corpus seeking his immediate release from that facility, alleging that its conditions of confinement placed him at increased risk of contracting COVID-19 in violation of his right to due process and the prohibition against cruel and unusual punishment under the Eighth and Fourteenth Amendments (US Const 8th, 14th Amends).[FN1] Petitioner alleged, among other things, that he is legally blind and relies upon the assistance of mobility guides who are not adequately trained or provided sufficient protective equipment to navigate the facility, including the dining hall, increasing his risk of exposure to the novel coronavirus responsible for causing COVID-19. Respondent served a return, opposing petitioner's release. Respondent submitted an affidavit detailing the preventative and safety measures and protocols in place as of April 2021 to stem the spread of COVID-19 at the facility, as well as the availability and administration of vaccines for the staff and incarcerated individuals.[FN2] Supreme Court dismissed the petition, finding, among other things, that petitioner had not made the requisite showing to entitle him to immediate release. Petitioner appeals.
We have reviewed the facts unique to petitioner's circumstances and, upon consideration, find that he has failed to meet his burden of demonstrating that his detention was illegal or unconstitutional (see CPLR 7002 [a]; 7010 [a]; People ex rel. Carroll v Keyser, 184 AD3d 189, 193-194 [3d Dept 2020]; see also People ex rel. Figueroa v Keyser, 193 AD3d 1148, 1149-1150 [3d Dept 2021], lv denied 37 NY3d 905 [2021]).[FN3] Petitioner's assertions as to the conditions of his confinement, even if proven, would not establish that prison officials exhibited deliberate indifference to the possibility of his exposure to the coronavirus (see People ex rel. Figueroa v Keyser, 193 AD3d at 1149-1150; People ex rel. Carroll v Keyser, 184 AD3d at 193-194). Petitioner's remaining claims have been examined and we likewise find that none establishes the illegality of his incarceration or his entitlement to immediate release (see People ex rel. Brown v New York Div. of Parole, 70 NY2d 391, 398 [1987]; People ex rel. Concepcion v Keyser, 194 AD3d 1239, 1240 [3d Dept 2021], lv denied 37 NY3d 905 [2021]). Accordingly, Supreme Court properly dismissed the petition without a hearing (see CPLR 409 [b]; 
People ex [*2]rel. Feliz v Smith, 203 AD3d 1422, 1423 [3d Dept 2022], lv denied 38 NY3d 909 [2022]).
Lynch, Aarons, Ceresia and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Petitioner did not allege that he had been denied appropriate medical care.
Footnote 2: To the extent that we may consider subsequent developments, the Attorney General has advised this Court that, as of February 17, 2022, all incarcerated individuals at the facility have been offered a COVID-19 vaccine (see People ex rel. Valenzuela v Keyser, 197 AD3d 1484, 1485 n 3 [3d Dept 2021]).

Footnote 3: Petitioner unsuccessfully filed grievances relating to the adequacy of the safety measures taken at the facility to protect him against COVID-19, but they are not before us, and any challenge to the resulting administrative determinations must be raised in a proceeding pursuant to CPLR article 78 (see People ex rel. James v Keyser, 193 AD3d 1163, 1164 n [3d Dept 2021]). Petitioner's complaints regarding the adequacy and safety of the accommodations in place to address his blindness and the alleged resulting increased exposure to the coronavirus, and available alternatives, even if proven, would not entitle him to immediate release and should be raised in a grievance and CPLR article 78 proceeding.