People ex rel. Harris v Howard (2022 NY Slip Op 06046)

People ex rel. Harris v Howard

2022 NY Slip Op 06046

Decided on October 27, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 27, 2022

533813
[*1]The People of the State of New York ex rel. Frank Harris, Appellant,
v
David Howard, as Acting Superintendent of Woodbourne Correctional Facility, et al., Respondents.

Calendar Date:September 12, 2022

Before:Egan Jr., J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

James Johnston, New York City, for appellant.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondents.

Fisher, J.
Appeal from a judgment of the Supreme Court (Stephan G. Schick, J.), entered July 12, 2021 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.
Petitioner was convicted in 1999 of robbery in the first degree, burglary in the first degree and other crimes, and is currently serving a term of incarceration of 25 years to life (see People v Harris, 304 AD2d 355 [1st Dept 2003], lv denied 100 NY2d 582 [2003]), and is eligible for parole in 2024. In December 2020, during the pandemic caused by the novel coronavirus known as COVID-19, petitioner filed an application for a writ of habeas corpus seeking his immediate release from Woodbourne Correctional Facility (hereinafter WCF), alleging that his continued confinement is unconstitutional given, among other factors, the conditions inherent to his incarceration, his age and his underlying health conditions that place him at an increased risk for contracting and suffering complications if infected with COVID-19. Respondents served an answer/return opposing petitioner's release, and submitted affidavits detailing the protocols and preventative measures in place at WCF and how petitioner's various medical conditions were being appropriately monitored. Supreme Court denied the application based upon our decision in People ex rel. Carroll v Keyser (184 AD3d 189 [3d Dept 2020]). Petitioner appeals.
We have reviewed the facts and circumstances specific to petitioner, particularly his various medical conditions and the vulnerabilities posed by his continued incarceration. Upon careful consideration, we find that he has failed to meet his burden of demonstrating that his detention at WCF is illegal or unconstitutional (see US Const 8th, 14th Amends; NY Const, art 1, §§ 5, 6; CPLR 7002 [a]; 7010 [a]; People ex rel. Carroll v Keyser, 184 AD3d at 192-196; see also People ex rel. Feliz v Smith, 203 AD3d 1422, 1423 [3d Dept 2022], lv denied 38 NY3d 909 [2022]). Although petitioner submitted affidavits alleging that prison officials exhibited a deliberate indifference to the substantial risk of serious harm posed by his medical conditions by failing to implement certain COVID-19 protocols and preparedness measures, respondents' opposition was sufficient to controvert this claim(see People ex rel. Figueroa v Keyser, 193 AD3d 1148, 1149-1151 [3d Dept 2021], lv denied 37 NY3d 905 [2021]; see also People ex rel. Pons v Keyser, 193 AD3d 1166, 1167 [3d Dept 2021], lv denied 37 NY3d 905 [2021]; People ex rel. Carroll v Keyser, 184 AD3d at 193-194). We further find no merit to petitioner's claim that he should have been afforded a hearing (see People ex rel. Feliz v Smith, 203 AD3d at 1423; People ex rel. Valenzuela v Keyser, 197 AD3d 1484, 1485 [3d Dept 2021]). Upon examination of petitioner's remaining arguments, we find that they fail to establish the illegality of his incarceration or his entitlement to immediate release (see People ex rel. Brown [*2]v New York State Div. of Parole, 70 NY2d 391, 398 [1987]; People ex rel. Valenzuela v Keyser, 197 AD3d at 1485). Accordingly, Supreme Court properly denied the application.
Egan Jr., J.P., Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed, without costs.