People ex rel. Napoli v Annucci (2023 NY Slip Op 04131)

People ex rel. Napoli v Annucci

2023 NY Slip Op 04131

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-02648
 (Index No. 53903/20)

[*1]The People of the State of New York ex rel. 
 Lisa Napoli, on behalf of Amin Laboriel, appellant, 
v
Anthony J. Annucci, etc., et al., respondents.

Patricia Pazner, New York, NY (Lisa Napoli pro se of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Cleland B. Welton II of counsel), for respondents.
In a habeas corpus proceeding, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Dutchess County (Michael G. Hayes, J.), dated March 24, 2021. The order and judgment denied the petitioner's application to convert the proceeding into a hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, denied the petition, and dismissed the proceeding.

DECISION & ORDER
By order to show cause dated February 18, 2022, the appellant was directed to show cause before this Court why an order should or should not be made and entered dismissing the appeal as academic. By decision and order on motion of this Court dated June 17, 2022, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the order to show cause and the papers filed in response thereto, and upon the argument of the appeal, it is
ORDERED that the motion to dismiss the appeal is granted to the extent that the appeal from so much of the order and judgment as denied the petition and dismissed the proceeding is dismissed as academic, and the motion is otherwise denied; and it is further,
ORDERED that the order and judgment is affirmed insofar as reviewed, without costs or disbursements.
In January 2019, Amin Laboriel was convicted, upon his guilty plea, of criminal sexual act in the second degree (Penal Law § 130.45[1]). The victim of the crime was a 10-year-old child. Laboriel was sentenced to a determinate term of imprisonment of three years, to be followed by a period of postrelease supervision of five years. Subsequently, he was designated a level two sex offender under the Sex Offender Registration Act (see People v Laboriel, 210 AD3d 916) and was considered to be subject to the mandatory condition of release under the Sexual Assault Reform Act (hereinafter SARA) (see Executive Law § 259-c[14]). In addition, a special condition of his postrelease supervision prohibited him from residing near daycare centers. Laboriel has since been [*2]released from prison.
In November 2020, while Laboriel was still at the residential treatment facility at Fishkill Correctional Facility, the petitioner commenced this habeas corpus proceeding seeking Laboriel's immediate release, alleging that his confinement there violated his substantive due process rights and the constitutional prohibition on cruel and unusual punishment. The petitioner also made an application that the Supreme Court, in the alternative, convert the proceeding into a hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, arguing that the SARA restrictions were void for vagueness. In an order and judgment dated March 24, 2021, the court determined that habeas corpus relief was inappropriate, denied the petition, and dismissed the proceeding. The court also denied the petitioner's application to convert the proceeding.
"'It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal'" (Matter of Kirkland v Annucci, 150 AD3d 736, 737-738, quoting Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713). "'Courts are generally prohibited from issuing advisory opinions or ruling on hypothetical inquiries. Thus, an appeal is moot unless an adjudication of the merits will result in immediate and practical consequences to the parties'" (Matter of Kirkland v Annucci, 150 AD3d at 738, quoting Coleman v Daines, 19 NY3d 1087, 1090). An exception to the mootness doctrine may apply where the issue to be decided, though moot, (1) is likely to recur, either between the parties or other members of the public, (2) is substantial and novel, and (3) will typically evade review in the courts (see Matter of Marxuach v New York State Dept. of Corr. & Community Supervision, 211 AD3d 1442; People ex rel. Smith v Fields, 189 AD3d 866, 867). "If one or more of these elements is missing, the exception does not apply" (Berger v Prospect Park Residence, LLC, 166 AD3d 937, 939). Here, all three elements to the exception to the mootness doctrine are not present, as the petitioner's habeas corpus claims are fact-specific and, as such, "not substantial and novel" (id. at 939; see Matter of Garcia v Kuhlmann, 205 AD2d 1025, 1026), and, in any event, are not likely to evade judicial review (see e.g. People ex rel. Harris v Howard, 209 AD3d 1221; People ex rel. Walker v Lynn, 208 AD3d 1406; People ex rel. Feliz v Smith, 203 AD3d 1422; People ex rel. Smith v Fields, 189 AD3d 866; Matter of Arroyo v Annucci, 61 Misc 3d 930, 936 [Sup Ct, Albany County]). Accordingly, we grant this Court's own motion to dismiss the appeal as academic to the extent indicated.
Moreover, under the particular circumstances presented, where the petitioner alleged that the SARA restrictions are void for vagueness, but the petitioner does not challenge the constitutionality of the special condition which was a discretionary determination based on the particular facts of Laboriel's case rather than a determination mandated by SARA, the Supreme Court properly declined to convert this proceeding, pursuant to CPLR 103(c), to a hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief.
In light of our determination, it is not necessary to address the petitioner's remaining contentions.
DUFFY, J.P., WOOTEN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court