Matter of Lamar v Cuevas (2025 NY Slip Op 00322)

Matter of Lamar v Cuevas

2025 NY Slip Op 00322

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-00276
 (Index No. 60947/22)

[*1]In the Matter of Latif Lamar, appellant, 
v
Doris Cuevas, etc., et al., respondents.

Twyla Carter, New York, NY (Robert C. Newman of counsel), for appellant.
Thomas E. Humbach, County Attorney, New City, NY (Larraine S. Feiden of counsel), for respondent Joan M. Silvestri.
Letitia James, Attorney General, New York, NY (Ester Murdukhayeva and Blair J. Greenwald of counsel), for respondents Doris Cuevas, Matteo Pendarvis, and Marco Ricci.
In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondent Joan M. Silvestri to provide the petitioner with housing in Rockland County that is compliant with the Sexual Assault Reform Act and, pending the provision of such housing in Rockland County by the respondent Joan M. Silvestri, to compel the respondents Doris Cuevas, Matteo Pendarvis, Anthony J. Annucci, and Marco Ricci to approve the petitioner's placement in, and to provide funding for, housing outside of Rockland County that is compliant with the Sexual Assault Reform Act, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Susan Cacace, J.), dated November 22, 2022. The order and judgment granted the separate motions of the respondent Joan M. Silvestri and the respondents Doris Cuevas, Matteo Pendarvis, Anthony J. Annucci, and Marco Ricci pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition insofar as asserted against each of them, denied the petition, and dismissed the proceeding.

DECISION & ORDER
Motion by the respondent Joan M. Silvestri and separate motion by the respondents Doris Cuevas, Matteo Pendarvis, and Marco Ricci to dismiss the appeal on the ground that it has been rendered academic.
Upon the papers filed in support of the motions and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motions are granted; and it is further,
ORDERED that the appeal is dismissed, without costs or disbursements.
In March 1993, the petitioner was convicted of rape in the first degree, burglary in the first degree, and robbery in the first degree and was sentenced to concurrent and consecutive terms of incarceration, aggregating to 20 to 40 years (see Penal Law § 70.30[1][e], [f]). [*2]Subsequently, the petitioner was designated a level three sex offender under the Sex Offender Registration Act (Correction Law art 6-C) (see People v Webb, 162 AD3d 918) and was considered to be subject to the mandatory condition of release under the Sexual Assault Reform Act (Executive Law § 259-c[14]; hereinafter SARA).
In March 2016, the petitioner was granted an open date for parole release with the condition that he propose and secure a residence greater than 1,000 feet from school grounds in compliance with SARA. However, the petitioner was unable to locate available SARA-compliant housing in Rockland County, his county of residence and conviction, and the residences outside of Rockland County that he proposed were rejected.
In May 2022, the petitioner commenced this proceeding pursuant to CPLR article 78 against the respondent Joan M. Silvestri, the Rockland County Commissioner of Social Services (hereinafter the County respondent), and the respondents Doris Cuevas, Matteo Pendarvis, Anthony J. Annucci, and Marco Ricci (hereinafter collectively the State respondents), officials with the New York State Department of Corrections and Community Supervision, in the nature of mandamus to compel the County respondent to provide him with SARA-compliant housing in Rockland County and, pending the County respondent's provision of such housing, to compel the State respondents to approve his placement in, and to provide funding for, SARA-compliant housing outside of Rockland County. The petitioner alleged, inter alia, that he was a resident of Rockland County, that he could not afford SARA-compliant private housing within Rockland County, and that the County respondent had failed to provide him with publicly funded SARA-compliant housing. The petitioner further alleged that the State respondents maintained an arbitrary and capricious policy of refusing to approve out-of-county housing placements for SARA-restricted individuals who were dependent upon public assistance, and, as applied to him, this policy violated the Fourteenth Amendment of the United States Constitution, because it treated him less favorably than similarly-situated incarcerated individuals who had greater financial means or who were residents of other counties with more SARA-compliant public housing. The petitioner contended that his continued confinement for six years past his date of conditional parole release resulted from a combination of his indigence, the County respondent's failure in her purported duty to provide sufficient SARA-compliant housing, and the State respondents' purported unconstitutional policy of refusing to release him to an out-of-county shelter.
The Supreme Court granted the separate motions of the County respondent and the State respondents pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition insofar as asserted against each of them, denied the petition, and dismissed the proceeding. The petitioner appeals.
While the petitioner's appeal was pending, the petitioner was released from prison to SARA-compliant housing in New York City funded by a private not-for-profit organization. The County respondent has moved, and Cuevas, Pendarvis, and Ricci have separately moved, to dismiss the appeal on the ground that it has been rendered academic.
"Courts are generally prohibited from issuing advisory opinions or ruling on hypothetical inquiries" (Coleman v Daines, 19 NY3d 1087, 1090). "Thus, an appeal is moot unless an adjudication of the merits will result in immediate and practical consequences to the parties" (id.; see People ex rel. Napoli v Annucci, 219 AD3d 496). An appeal "is not moot if an appellate decision will eliminate readily ascertainable and legally significant enduring consequences that befall a party as a result of the order which the party seeks to appeal" (Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671; see Matter of New York State Commn. on Jud. Conduct v Rubenstein, 23 NY3d 570, 577).
Given the petitioner's release to SARA-compliant housing in New York City, the adjudication of this appeal will no longer have any immediate and practical consequences to the petitioner (see Coleman v Daines, 19 NY3d at 1090; People ex rel. Napoli v Annucci, 219 AD3d 496). The representation by the petitioner's counsel that, during the eight years remaining in the petitioner's parole term, the petitioner might move back to Rockland County and might be reincarcerated due to a parole violation is "too remote and speculative to be justiciable" (Matter of [*3]Percinthe v Department of Corr. & Community Supervision, 227 AD3d 1347, 1348). As the petitioner has failed to identify "any legally significant enduring consequence" to him resulting from the order and judgment appealed from, the appeal is academic (Matter of Powell v Mount St. Mary Coll., 142 AD3d 1082, 1083).
Moreover, contrary to the petitioner's contention, the exception to the mootness doctrine does not apply (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715; People ex rel. Napoli v Annucci, 219 AD3d at 498). The petitioner has failed to demonstrate, among other things, that the issues raised in this appeal are likely to evade review (see People ex rel. Napoli v Annucci, 219 AD3d at 498; Matter of Colon v Annucci, 151 AD3d 1061, 1062).
BARROS, J.P., CHAMBERS, VOUTSINAS and VENTURA JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court